**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEQUOIA FORESTKEEPER, | CASE NO. CV F 09-392 LJO JLT |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** (Doc. 99) |
| vs. | |
| UNITED STATES FOREST SERVICE, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Sequoia Forestkeeper moves for attorneys' fees, costs, and other expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). Sequoia Forestkeeper argues that it is entitled to such an award, *inter alia*, because: (1) it is a prevailing party in this litigation based on this Court's Order on Cross-Motions for Summary Judgment ("MSJ Order") and subsequent Order on Plaintiffs' Reconsideration Motion ("Reconsideration Motion"); and (2) the federal government defendants' (the "government's") position in this action was not justified substantially. Sequoia Forestkeeper requests an enhanced hourly rate above the statutorily set base rate of $125 for nearly 1300 hours of work, for a total of $270,810.54 in attorneys' fees (not including fees for this motion) and $2,609.21 in costs. In opposition, the government argues that Sequoia Forestkeeper is not entitled to an award pursuant to EAJA because the government's position was reasonable and justified substantially.

1

In the alternative, the government contends that the amount requested should be reduced substantially. The government submits that the hourly rate set by the EAJA should be applied, and the hours should be reduced as unreasonable. For the foregoing reasons, this Court GRANTS in part Sequoia Forestkeeper's motion for attorneys' fees and AWARDS Sequoia Forestkeeper $83,763.60 in attorneys fees for this action, $1,140.23 in costs, and $3,536 in attorneys' fees for this motion.

## **BACKGROUND**

Sequoia Forestkeeper initiated this action to seek judicial review of the USFS's[1] re-issuance of a Special Use Permit ("SUP") to Robert Sellers and Quarter Circle Five Ranch (collectively "Sellers") in 2003, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§701-706. The SUP authorizes Sellers to use a water diversion that diverts water flowing from Fay Creek via a dam located within the boundaries of the Sequoia National Forest for private use ("diversion"). Sequoia Forestkeeper argued that by re-issuing the SUP, the USFS violated: (1) the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§4321-4347, for failure to prepare an Environmental Assessment ("EA") or an Environmental Impact Statement ("EIS") despite warnings from the California Department of Fish and Game, Sequoia Forestkeeper, and downstream landowners that the SUP would result in significant harm to the environment; (2) NEPA, for failure to take a "hard look" at the environmental impacts of the re-issuance; (3) the National Forest Management Act ("NFMA"), 16 U.S.C. §§1600-1687, because the SUP fails to comply with California resource and environmental law; and (4) NFMA, because the SUP fails to comply with the Sequoia National Forest Land and Resource Management Plan ("Forest Plan"), which requires compliance with the water quality standards of the Clean Water Act, 33 U.S.C. §§1251-1387.[2]

In its MSJ Order, the Court found that the USFS violated NEPA by failing to consider requests to include a minimum bypass flow restriction in the SUP or to require monitoring devices to be installed. This Court rejected Sequoia Forestkeeper's claims on all other grounds. Accordingly, this Court granted in part and denied in part the parties' cross-summary judgment motions and remanded this action to the USFS for further consideration.

---

[1] Defendants are the United States Forest Service ("USFS"), Tina Terrell, in her official capacity as Forest Supervisor for the Sequoia National Forest, and Abigail R Kimbell, in her official capacity as Chief of the United States Forest Service.

[2] Sequoia Forestkeeper withdrew its fifth and sixth causes of action in its motion for summary judgment.

Sequoia Forestkeeper moved for reconsideration of this Court's MSJ Order on the following issues: (1) whether this Court erred in concluding that because Fay Creek was not a "navigable water," the USFS did not violate the NFMA by failing to require a Section 401 Certificate; (2) whether this Court erred in concluding that Fay Creek did not constitute a "fishery"; (3) whether this Court erred by failing to consider Sequoia Forestkeeper's extra-record evidence; and (4) whether this Court erred in denying Sequoia Forestkeeper's request for injunctive relief. In response, the government conceded that its legal position on the law as it pertains to the "navigable water" issue has changed. In addition, the government contended that the administrative record is incomplete on the issue, and requested remand to allow the USFS to develop the administrative record more fully. The government opposed Sequoia Forestkeeper's motion on all other issues.

In its Reconsideration Order, this Court modified its MSJ Order in part and granted summary judgment in favor of Sequoia Forestkeeper on the issue of whether Fay Creek was a "navigable water" to require a Section 401 Certificate. Moreover, this Court granted reconsideration of Sequoia Forestkeeper's request for injunctive relief, set aside the administrative agency action, and remanded the issue to the administrative agency for further proceedings. As to all other issues, this Court denied Sequoia Forestkeeper's reconsideration motion.

Sequoia Forestkeeper moved for attorneys' fees on June 15, 2011. The government opposed the motion on July 13, 2011. Sequoia Forestkeeper replied on July 22, 2011. Having considered the parties' arguments, declarations, and applicable legal authorities, this Court finds this motion suitable for a decision without a hearing, vacates the July 27, 2011 hearing on this motion pursuant to Local Rule 230(g), and issues the following order.

**STANDARD OF REVIEW**

EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses...in any civil action...including proceedings for judicial review of an agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). A "prevailing party" is eligible for attorneys' fees, costs, and other expenses under EAJA if it incurred costs of litigation against the federal government and meets applicable size

3

or net worth criteria. *Id.*, 28 U.S.C. §2412(d)(2).

To be awarded attorneys' fees and costs pursuant to EAJA, Sequoia Forestkeeper must set forth: (1) a showing that it is the prevailing party; (2) a showing that it is eligible to receive an award; (3) a statement of the amount sought together with an itemized account of time expended and rates charged; and (4) an allegation that the position of the United States was not substantially justified." 28 U.S.C. §2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 408 (2004). If Sequoia Forestkeeper satisfies the requirements, the burden shifts to the government to establish that its position in the underlying action was justified substantially to preclude an award of attorneys' fees and costs. *Oregon Nat. Resources Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). If the government's position was not justified substantially in law or fact, then Sequoia Forestkeeper is entitled a reasonable award of attorneys' fees and costs. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (position is substantially justified only if it has a reasonable basis in both law and fact).

## DISCUSSION

### Prevailing Party/Entitled To Award/Timeliness

Sequoia Forestkeeper establishes that this request is timely, it is a prevailing party, and it meets the applicable size and net worth requirements. Sequoia Forestkeeper filed this motion within 30 days after the judgment in this matter became final. 28 U.S.C. §§2412(d)(1)(b), (d)(2)(G). The government does not dispute that Sequoia Forestkeeper qualifies as a "prevailing party," as Sequoia Forestkeeper "succeeded on [a] significant issue in litigation which achieve[d] some benefit [Sequoia Forestkeeper] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Similarly, the government does not dispute that Sequoia Forestkeeper meets the applicable size and net worth requirements and Sequoia Forestkeeper establishes by documentation that it qualifies. Accordingly, Sequoia Forestkeeper successfully establishes these EAJA requirements.

### Substantially Justified Position

The government argues that its position in litigation was substantially justified to preclude an EAJA award of attorneys' fees and costs. "'Substantial justification' under the EAJA means that the government's position must have a 'reasonable basis both in law and fact,' i.e., the government need not be 'justified to a high degree,' but rather 'justified in substance or in the main'–that is, justified to a

4

degree that could satisfy a reasonable person." *Wang v. Horio*, 45 F.3d 1362, 1364 (9th Cir. 1995) (quoting *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990)). Thus, the Court employs a "reasonableness" standard to determine whether the government's position was "substantially justified." *Id.*; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). "The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). Similarly, "arbitrary and capricious conduct is not per se unreasonable." *Id.* at 333. "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce*, 487 U.S. at 566.

To determine whether the government's position was "substantially justified," the Court employs a two-step inquiry. First, the Court considers whether, under the totality of the circumstances, "the government was substantially justified in taking its original action." *Kali*, 854 F.2d at 332. Next, the Court must determine "whether the government was substantially justified in defending the validity of the action in court." *Id*. In determining reasonableness of the government's position, this Court considers the action as "an inclusive whole, rather than as atomized line-items." *INS v. Jean*, 496 U.S. 154, 161-62 (1990).

The government argues that it has substantial justification both for taking its original action and defending the validity of the action. To support this position, the government points out that it prevailed ultimately on two of the four claims asserted by Sequoia Forestkeeper.[3] The government's position is unavailing. In *Southern Oregon Citizens against Toxic Sprays, Inc. v. Clark*, 720 F.2d 1475 (9th Cir. 1983), the Court addressed a similar situation in which plaintiffs prevailed on some but not all claims to conclude:

> [Plaintiffs'] success on specific issues does not affect its status as a prevailing party. It also does not affect the substantial justification of the government's position. The four legal theories advanced by [Plaintiffs] were alternative approaches to a single desired remedy, an injunction against further spraying. [Plaintiffs] gained that remedy. The time spent by [Plaintiffs] on unsuccessful legal theories may be considered only in

---

[3] The government also argues that Sequoia Forestkeeper prevailed on the NFMA issue on reconsideration only after an intervening change in the law. This argument does not reflect accurately the disposition of this issue. After the government's initial position on this issue was erroneous in fact and in law, the government conceded that it misstated the applicable legal standard, and shifted its position in its response to the reconsideration motion.

5

determining the amount of an award.

*Id*. at 1481 (internal citations omitted). Similarly, Sequoia Forestkeeper's four claims were alternative approaches to the single desired remedy of vacating the SUP. Sequoia Forestkeeper gained that remedy in this Court's reconsideration motion. Accordingly, while the government's arguments do not establish that its position was substantially justified, this Court shall consider Sequoia Forestkeeper's unsuccessful legal theories in its determination of a reasonable award of attorneys' fees. *Id*.

## **Attorneys Fees Calculation**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee." *Id*. To support the lodestar calculation, the prevailing plaintiff must submit documentary evidence detailing the number of hours spent and how it determined the hourly rate requested. *Id*. After the Court calculates the lodestar, and in rare and exceptional cases, the Court "may adjust the lodestar ... based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Ins*., 214 F.3d 1041, 1045 (9th Cir. 2000).

Sequoia Forestkeeper asks for a total of $270,810.54 in attorneys' fees based on the following calculations of hourly rates and hours billed:

| Attorney Name   | Hours   | Rate Per Hour    | Total        |
|-----------------|---------|------------------|--------------|
| Rene Voss       | 107.2   | $230             | $24,656.00   |
| Eric Long       | 65.75   | $176.80          | $11,624.60   |
| Nathan Moore    | 277.50  | $173.96 (2010)   | $48,273.90   |
|                 | 124.00  | $176.80 (2011)   | $21,923.20   |
| Sanjay Ranchod  | 112.25  | $275             | $30,868.75   |
| Katherine Chao  | 172.75  | $173.96          | $30,051.59   |
| Rachel Doughty  | 331.25  | $230             | $76,187.50   |
| Matthew Sanders | 99.00   | $275             | $27,225.00   |
| **Total**       | **1289.70** |              | **$270,810.54** |

## Hourly Rate

The Court begins its analysis by determining a reasonable hourly fee. EAJA imposes a cap of hourly rates of $125. 28 U.S.C. §2412(d)(2)(A)(ii). This cap may only be exceeded if the Court finds that an adjustment in the cost of living or a "special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. Sequoia Forestkeeper asks for an adjustment for both the cost of living and based on special factors.

As to the cost of living, this Court agrees that Sequoia Forestkeeper is entitled to an upward adjustment. Pursuant to Sequoia Forestkeeper's unopposed calculations, the EAJA hourly rate caps, adjusted for inflation amount to $173.96 for 2010 and $178.80 for 2011. Sequoia Forestkeeper asks for these rates to apply to Eric Long, Nathan Moore, and Katherine Chao. This Court grants the upward adjustment for the cost of living, and approves these requested hourly rates as reasonable.

Sequoia Forestkeeper requests an upward adjustment based on special factors for Rene Voss, Sanjay Ranchod, Rachel Doughty, and Matthew Sanders. "To overcome the strong presumption that the basic fee is reasonable, the applicant must satisfy stringent requirements." *Steward v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993). Those requirements are: (1) the attorney must "possess distinctive knowledge and skills developed through a practice specialty"; (2) "those distinctive skills must be needed in the litigation" and (3) "those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). The Court considers the request as to each attorney.

As to Rene Voss ("Mr. Voss"), Sequoia Forestkeeper asks for an hourly rate of $230, arguing that he is an attorney who possesses distinctive knowledge and skills in environmental law, his skills were needed in the litigation, and the skills were unavailable elsewhere at the statutory rate. Mr. Voss has specialized in environmental law. In his career as a licenced attorney, he has litigated ten environmental cases. He has worked as a staff attorney for the John Muir Project of the Earth Island Institute. As a solo practitioner, he litigates environmental cases for a number of local, regional, and national environmental groups, including Sequoia Forestkeeper, Earth Island Institute, Greenpeace, Conservation Congress, and others. Before being a licensed attorney, Mr. Voss was a law clerk for four years. During that time, he worked on multiple environmental cases. Since 1994, Mr. Voss has prepared an estimated 85 administrative appeals for various clients challenging USFS logging projects and other

actions. Sequoia Forestkeeper submits declarations from two other attorneys to support the request for Mr. Voss. Rachel Fazio and Julia Olsen both declare that based on Mr. Voss's education and experience, an hourly rate of $230 is reasonable.

Mr. Voss has established that he qualifies for an hourly rate upward adjustment. Based on his 16 years of experience in environmental legal matters, he has specialized skills in the area. Based on his work with Sequoia Forestkeeper, he has established that his skills were necessary for this litigation. As to whether the work could have been done elsewhere at the statutory rate, and whether that rate is reasonable, "the established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is the forum in which the district court sits. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991); *see also, Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in San Francisco). This Court sits in the Eastern District of California, Fresno division. Thus, the relevant community is Fresno, California. Mr. Voss declares that in one case in the Eastern District of California, he was paid an hourly rate of $175 for work that concluded on October 31, 2008 as a first-year associate. For another Eastern District of California case, the government paid him an hourly rate of $200 for work that concluded on November 20, 2009. The declarations of Ms. Fazio and Ms. Olsen confirm these rates for other environmental attorneys in the Eastern District of California. For good cause appearing, this Court grants Sequoia Forestkeeper's request to an hourly rate of $230 for Mr. Voss.

Sequoia Forestkeeper requests an hourly rate of $275 for Sanjay Ranchod ("Mr. Ranchod") and Matthew Sanders ("Mr. Sanders"), and an hourly rate of $230 for Rachel Doughty ("Mr. Doughty"). Mr. Ranchod, Mr. Sanders, and Ms. Doughty work in the environmental practice group of Paul Hastings in San Francisco. Each has an impressive resume of education and environmental experience. While the Court is satisfied that each has specialized skills in environmental law, Sequoia Forestkeeper has not established that their specialized skills were necessary. Where, as here, another specialized environmental lawyer (Mr. Voss) was working on this action and this action was not as complex legally or factually as most environmental matters, Sequoia Forestkeeper has failed to establish why seven

attorneys, including four environmental specialists, were needed to litigate it. Additionally, Ara Marderosian, Executive Director of Sequoia Forestkeeper, declares that Sequoia Forestkeeper "has never been able to procure experienced attorneys with a proven track record" at EAJA rates. For these reasons, this Court shall allow an upward adjustment of $230, consistent with the reasonable rate of Mr. Voss, for Mr. Ranchod, Mr. Sanders, and Ms. Doughty.

**Reasonable Hours**

Next, the Court considers the reasonableness of the hours expended. "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley*, 461 U.S. 424, 434).

Sequoia Forestkeeper submits that 1289.70 hours is reasonable in this action, and that it has excluded paralegal hours, summer associate hours, and other expenses. The government contends that this amount of hours is unreasonable. This Court agrees.

Although this was an environmental action, this litigation was not overly complex. Sequoia Forestkeeper worked on a complaint, an amended complaint, an unsuccessful motion to compel, cross-motions for summary judgment, and a motion for reconsideration. The two-volume administrative record was small compared to other complex actions and the number of legal issues presented was limited.

While the hours billed by Mr. Voss appear to be realistic, the hours billed by the Paul Hastings attorneys appear to be unreasonable for the work performed–particularly for experienced and skilled attorneys deserving of an enhanced hourly rate. The government points out that 92 hours was billed for the motion to compel. This amount of work for that uncomplicated and unsuccessful motion is unreasonable. As another example, counsel billed 56.75 hours to prepare a 20-page *amended* complaint. Moreover, while counsel request an hourly rate enhancement because of "specialized skill and knowledge," counsel billed a number of hours to review federal and local rules of procedure and billed days on legal research. Some of the inflated billing appears to be based on the number of attorneys assigned to this action, including inter-attorney conferences. The amount of attorneys working on this action appears to have created double-billing, unnecessary conferences, and other excessive charges.

The task of determining a reasonable number of hours is complicated, because while each minute billed appears to have been documented, there is no evidence that "billing judgment" was used:

> Compiling raw totals of hours spent, however, does not complete the inquiry. It does not follow that the amount of time actually expended is the amount of time reasonably expended. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority. Thus, no compensation is due for nonproductive time. For example, where three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time. Similarly, no compensation should be paid for time spent litigating claims upon which the party seeking the fee did not ultimately prevail.

*Copeland v. Marshall,* 641 F.2d 880, 891-92 (D.C. Cir. 1980). While Sequoia Forestkeeper contends that billing judgment was used–because some charges, including paralegal and summer associate hours, and some overlapping hours were eliminated from its bill–this Court finds the total amount of hours to be unreasonable based on the complexity of this action and the limited motion practice involved. At this point in the computation, this Court can make a chart that resembles what it believes to be a reasonable number of hours for the type of work each attorney worked on (i.e., drafting the amended complaint, preparing the administrative record, preparing the summary judgment motion, etc.). *Id*. at 892.

Having reviewed carefully the parties' submitted time sheets, and considering a reasonable number of hours for the tasks performed using billing judgment, this Court finds the following number of hours reasonable:

| Attorney | Requested Hours | Reasonable Hours |
|---|---|---|
| Rene Voss | 107.2 | 100 |
| Eric Long | 65.75 | 30 |
| Nathan Moore | 277.50 | 100 |
|  | 124.00 | 75 |
| Sanjay Ranchod | 112.25 | 75 |
| Katherine Chao | 172.75 | 100 |
| Rachel Doughty | 331.25 | 150 |
| Matthew Sanders | 99.00 | 50 |
| **Total** | **1289.70** | **680** |

**Lodestar Calculation**

Based on the foregoing, this Court finds that a reasonable hourly rate multiplied by a reasonable number of hours yields an amount of $139,606 in reasonable attorneys' fees, based on the following:

| Attorney | Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|
| Rene Voss | $230 | 100 | $23,000 |
| Eric Long | $176.80 | 30 | $5,304 |
| Nathan Moore | $173.96 | 100 | $17,396 |
|  | $176.80 | 75 | $13,260 |
| Sanjay Ranchod | $230 | 75 | $17,250 |
| Katherine Chao | $173.96 | 100 | $17,396 |
| Rachel Doughty | $230 | 150 | $34,500 |
| Matthew Sanders | $230 | 50 | $11,500 |
| **Total** |  | 680 | **$139,606** |

**Lodestar Adjustment**

Although Sequoia Forestkeeper was a prevailing party, this Court has discretion to adjust the lodestar calculation downward based on its limited degree of success. The "most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley*, 461 U.S. at 436. If "a plaintiff has achieved only partial or limited success, the product of hours expended on litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. "A reduced award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. "In some circumstances, even a plaintiff who formally 'prevails'... should receive no attorney's fees at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992).

"The reasonableness of the fee is determined primarily by reference to the level of success achieved by the plaintiff." *McCown v. City of Fontana*, 550 F.3d 918, 922 (9th Cir. 2008) (citing *Hensley*, 461 U.S. at 436). In its review of this action, this Court must consider "the relationship

between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Aguirre v. L.A. Sch. Dist.*, 461 F.3d 1114, 1122 (9th Cir. 2006).

Sequoia Forestkeeper argues that it is entitled to a full award because it received the requested relief. Sequoia Forestkeeper contends that its unsuccessful claims were not "distinctly different" from those that were successful, because they were not based on "different facts and legal theories." *Hensley*, 461 U.S. at 434. On the contrary, each claim was based on distinct legal theory. Sequoia Forestkeeper also argues to recover for all fees related to its motion to compel, including preparation of the motion and declarations. While the Court understands Sequoia Forestkeeper's position related to litigation strategy, Sequoia Forestkeeper continued to pursue that unsuccessful position beyond the bounds of reasonableness. Sequoia Forestkeeper's request to supplement the record with the documents failed clearly as a matter of law, because Sequoia Forestkeeper failed to establish (did not attempt to establish) any of the limited circumstances in which the record may be supplemented. In addition, and more importantly, consideration of the exhibits was improper as a matter of law because they did not exist at the time decision was made to re-issue the Sellers SUP in 2003. This Court is limited to review only those exhibits that were available to the administrative agency at the time its decision was made. Notwithstanding these clear legal defects, Sequoia Forestkeeper continued to submit and rely on these documents (which were subject to a court order) in its summary judgment motion, and faulted the Court for failing to consider them. The unsupported and inappropriate request for judicial notice and reconsideration motion were improper and untimely attempts to supplement the administrative record. Based on these circumstances, this Court finds that, in its discretion, Sequoia Forestkeeper may not recover for any costs related to this issue.

The Court considers that Sequoia Forestkeeper succeeded ultimately in having the SUP vacated. This action was remanded to USFS for further proceedings and to make further determinations. Sequoia Forestkeeper achieved this successful result, however, based on two out of the four claims asserted in the complaint and amended complaint. Sequoia Forestkeeper was unsuccessful in two claims, and

withdrew two claims. In addition, Sequoia Forestkeeper spent a substantial amount of time litigating the unsuccessful motion to compel, as explained more fully above. Considering the litigation as a whole, Sequoia Forestkeeper was unsuccessful on a number of issues litigated. Thus, although Sequoia Forestkeeper was ultimately successful in achieving its desired results, a substantial portion of resources were expended on unsuccessful claims and motions to which Sequoia Forestkeeper should not be entitled to recover. Under these circumstances, the Court finds that a downward adjustment of 40% is warranted. Accordingly, this Court GRANTS Sequoia Forestkeeper's attorneys' fees award in the amount of $83,763.60.

## Costs

In addition to attorneys' fees, EAJA provides for the recovery of costs. Sequoia Forestkeeper submits costs in the amount of $2,609.21. The government objects to the following costs:

1. $25.00 charge for "State Bar of California Certificate of Good Standing: R. Doughty 7/14/09". The government argues that there is no explanation as to why the government should be required to pay for a bar certificate regarding Ms. Doughty's eligibility to appear in federal court.

2. An unidentified "filing fee" in the amount of $540.00. This filing fee is separate from the $350.00 filing fee paid to file this action. The government points out that Sequoia Forestkeeper fails to explain this fee.

3. An unexplained charge of $621.50 for "attorney service."

4. An unexplained $160.03 charge for "courier service."

5. The government objects to paying costs for Ms. Chao's appearance at the Motion to Compel hearing. Those charges amount of $222.45.

In its reply, Sequoia Forestkeeper leaves unaddressed the government's specific objections to these charges. Accordingly, this Court grants Sequoia Forestkeeper's bill of costs, but excludes the government's unopposed objections to those costs. Sequoia Forestkeeper is awarded costs in the amount of $1,140.23.

## Attorneys' Fees for this Motion

Sequoia Forestkeeper has made clear that it intends to recover for attorneys' fees related to this

motion. A review of the billing records submitted by Sequoia Forestkeeper's counsel demonstrates that billing for the discussion, research, and preparation of this motion were included in the hours submitted. Nevertheless, this Court considers work on this successful motion, in addition to the preparation of declarations by Mr. Long, and the reply to this motion. This Court finds that based on Sequoia Forestkeeper's billing records, 20 hours are a reasonable number of hours to work on this motion at Mr. Long's rate of $176.80 per hour, to yield an award of $3,536 in attorneys' fees for this motion.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS Sequoia Forestkeeper's motion for attorneys' fees;
2. AWARDS Sequoia Forestkeeper $83,763.60 in attorneys' fees for this action, $1,140.23 in costs, and $3,536 in attorneys' fees for this motion; and
3. VACATES the July 27, 2011 hearing on this motion.

IT IS SO ORDERED.

**Dated:   July 21, 2011**                         /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE